**In re Sheri SILVESTRI, Debtor.**

**In re Jesse and Kimberly Babcock, Debtors.**

**Nos. 02–13184, 02–11794.**

United States Bankruptcy Court, D. Rhode Island.

June 19, 2003.

Peter G. Berman, Raskin & Berman, Providence, RI, for debtor.

Matthew J. McGowen, Salter, McGowen, Sylvia ·& Leonard, Providence, RI, for creditor.

### *ORDER DENYING MOTIONS TO COMPEL SURRENDER OF COLLATERAL*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

The above captioned Silvestri case is factually similar and involves legal issues identical to those raised in *In re Babcock*, BK No. 02–11794, which had been appealed to the District Court and which was remanded while Silvestri was pending here. The creditors [1] argue a point previously ruled upon in *In re Rathbun*, 275 B.R. 434 (Bankr.D.R.I.2001), i.e., what remedy is available to a creditor when the debtor fails to either reaffirm the debt or redeem the property, pursuant to 11 U.S.C. § 521(2). The statute states:

> (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
>
> > (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that

---

1. Creditors' counsel in *Silvestri* also represents Sovereign Bank in *Babcock*. For our purposes the cases are identical, and so they are treated together here.

the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph....

11 U.S.C. § 521(2). In both *Babcock* and *Silvestri* the secured creditors filed Motions to Compel the Debtors to reaffirm the debt or redeem their automobiles. In the absence of reaffirmation or redemption, the creditors seek orders compelling the Debtors to surrender the collateral. The Debtor in Silvestri filed an objection, arguing that secured creditors are not entitled to immediate turnover of the collateral, but rather are entitled to relief from the automatic stay, leaving the parties to their state court rights and remedies as set forth in *Rathbun. See* Silvestri, Document No. 8.

In such cases, this Court typically issues an order setting a deadline, usually twenty days, within which the debtor may reaffirm his/her obligation with the creditor, or to redeem the collateral. Our standard order also provides that if the debtor does not timely perform one of these options (redemption or reaffirmation), the automatic stay shall be lifted and the creditor shall be free to pursue its remedies in state court. The secured creditors here object to our standard practice, and insist on orders requiring the Debtors who have failed to reaffirm or redeem to immediately surrender the collateral.

While Silvestri was under advisement here, the District Court for the District of Rhode Island remanded *In re Babcock,*

BK No. 02–11794, where, as stated, the issues and the arguments are the same as in Silvestri. The Babcocks did not object to the motion to compel, and, as usual, an order entered allowing the Debtors twenty days to file reaffirmation agreements, and also providing that: "If the Debtors fail to timely perform as ordered, Sovereign shall have immediate relief from stay upon filing an affidavit with the Court." *See* Document No. 7. Sovereign declined to file an affidavit, and instead appealed the order. In its remand order, the District Court stated:

Although the bankruptcy court order does state that Sovereign's Motion to Compel is Granted, there is no indication that the bankruptcy court specifically ruled on Sovereign's request for an order directing the Debtors to surrender the collateral. Since the bankruptcy court has not yet ruled one way or the other on Sovereign's request for relief, the appeal is premature.

*See* Doc. No. 14. Thereupon, the Court dismissed the appeal.

The creditors in both cases here request orders directing the Debtors to immediately surrender their motor vehicles because they have neither reaffirmed their contracts nor redeemed the collateral. In *Rathbun,* where this same issue was specifically addressed, i.e., what remedy is available to a creditor when a debtor fails to comply with Section 521(2)(B), I held that:

...the choice of remedy for a debtor's failure to perform his/her stated intention under §§ 521(2)(B) has led bankruptcy courts to fashion remedies or sanctions under various provisions of the Bankruptcy Code. *See In re Donnell,* 234 B.R. 567, 571 (Bankr.D.N.H.1999). For example, some courts conclude that compelling debtors to perform their stated intention pursuant to the bank-

ruptcy court's §§ 105(a) equitable powers is warranted, while others reason that dismissal of the case pursuant to §§ 707(a) is appropriate. *See In re Claflin,* 249 B.R. [840] at 848–49 [(1st Cir. BAP 2000)] (list of courts and their remedies). A third approach, the one with which I agree, is that such remedies should be the exception rather than the norm, given their impractical and/or draconian consequences, *id. quoting In re Donnell,* 234 B.R. at 572–74. I will follow *Donnell,* involving a creditor situated similarly to the creditor here, where Judge Deasy granted relief from stay based on the debtors' failure to perform their stated intention pursuant to Section 521(2)(B).

*Rathbun,* 275 B.R. at 438. I continue to agree with the reasoning of *Donnell,* as adopted in *Rathbun,* and hold that requiring a debtor to surrender collateral to a creditor when he/she fails to perform under Section 521(2) is not an appropriate remedy *under these circumstances,* i.e., where the Debtor is current and meeting all of his/her obligations under the contract and where there are no allegations of bad faith.

Accordingly, and in accordance with the District Court's remand order, and still following *Rathbun,* Sovereign's and Coastway's motions to compel surrender of their collateral are DENIED. Regarding our practice of granting relief from stay, in these cases where discharges have entered and the stay lifted pursuant to 11 U.S.C. § 362(c)(2)(C), any further relief would be redundant, as these creditors are already free by operation of law to pursue their state law remedies.